4/7/2016                         opa.nmcourts.gov/CaseDetail.aspx?CaseID=6880816
Case 1:16-cv-00267-MV-KBM   Document 1-1   Filed 04/07/16   Page 1 of 14
Skip to Main Content  Logout  My Account  Search Menu  New Civil Probate Family Search  Refine Search  Back   Location : Santa Fe County   Images Help

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2016-00534

| | | |
|---|---|---|
| Gino Serrano v. Whole Foods Rocky Mountain Southwest LP | § § § § § § § | Case Type: Contract/Debt & Money Due<br>Date Filed: 02/25/2016<br>Location: Santa Fe County<br>Judicial Officer: Thomson, David K. |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Whole Foods Rocky Mountain Southwest LP | Faith Lesley Kalma Reyes<br>  Retained<br>505-988-5600(W)<br><br>Faith Lesley Kalma Reyes<br>  Retained<br>505-988-5600(W)<br><br>Quinn S. Simons<br>  Retained<br>505-988-5600(W) |
| Plaintiff | Serrano, Gino | Timothy Lannon Butler<br>  Retained<br>505-820-3375(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 02/25/2016 | **Cause Of Actions**<br>Action Type | Breach of Contract (Count I)<br>Action |
| 02/25/2016 | **Cause Of Actions**<br>Action Type | Breach of Contract (Count II - Breach of Implied Covenant of Good Faith and Fair Dealing)<br>Action |
| 02/25/2016 | **Cause Of Actions**<br>Action Type | Breach of Contract (Count III - Prima Facie Tort)<br>Action |
| 02/25/2016 | **OPN: COMPLAINT**<br>*Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing and Prima Facie Tort* | |
| 03/09/2016 | **ENTRY OF APPEARANCE**<br>*Entry of Appearance and Acceptance of Service* | |
| 03/31/2016 | **JURY DEMAND 6 PERSON**<br>*Plaintiff's Jury Demand (6)* | |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Serrano, Gino<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 04/07/2016** | | | 282.00<br>282.00<br>**0.00** |
| 02/26/2016 | Transaction Assessment | | | 132.00 |
| 02/26/2016 | File & Serve Payment | Receipt # SFED-2016-2140 | Serrano, Gino | (132.00) |
| 04/01/2016 | Transaction Assessment | | | 150.00 |
| 04/01/2016 | File & Serve Payment | Receipt # SFED-2016-3427 | Serrano, Gino | (150.00) |

# Exhibit A

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/25/2016 2:58:18 PM
STEPHEN T. PACHECO
Jorge Montes

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

GINO SERRANO,

No. D-101-CV-2016-00534

Case assigned to Thomson, David K.

          Plaintiff,

vs.

WHOLE FOODS MARKET ROCKY
MOUNTAIN SOUTHWEST, LP,

          Defendant.

**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND PRIMA FACIE TORT**

**COMPLAINT**

Plaintiff by and through his attorney, Timothy L. Butler, Esq., for his Complaint against the Defendant, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff's actions are grounded on the wrongful treatment he received as an employee of Whole Foods Market in Santa Fe, New Mexico ("Whole Foods"). Plaintiff's claims are based in breach of contract, breach of implied covenant of good faith and fair dealing, and prima facie tort.

**JURISDICTION AND VENUE**

2. Jurisdiction and venue rests with this Court because the claims arise in this district, the Defendant's acts complained of occurred and are occurring in this district, and, on the basis of information and belief, some or all of the parties to this Complaint are found in this district, have agents in this district, reside in this district or transact business in this district.

1

**PARTIES**

3.     Plaintiff is informed and believes, and on this basis alleges, that Defendant Whole Foods Market Rocky Mountain Southwest, LP ("Whole Foods") conducts business in Santa Fe, Santa Fe County, New Mexico, as Whole Foods Market, located at 1090 St. Francis, Santa Fe, NM 87105.

4.     At times relevant to this action, Plaintiff Gino Serrano was a resident of Santa Fe County, State of New Mexico.

**GENERAL ALLEGATIONS**

5.     Until his termination of employment on September 24, 2015, Serrano worked at Whole Foods Market ("Whole Foods") at its St. Francis Avenue location since the merger with Wild Oats and Whole Foods. He started at Wild Oats in 2007 and, subsequently, at Whole Foods in 2010. During that time, Serrano served as Produce Team Leader. His responsibilities included inventory control, maintenance of back room and floor, and training and supporting of Produce Team Members, supervising and training Team Members in proper product handling and storage, stocking, ordering, equipment operation, building displays and product rotation, and overseeing the floral department. Serrano was also responsible for meeting store margin goals and labor expectations for his produce department, meeting established sales goals, and keeping his Team employee labor hours within an expected cost margin. Occasional shift roles left him in charge of closing the entire store. Over the years he supervised a staff of 5 – 10 people. At the time of his termination, he was heading a team of 5 Team Members.

6.     As a Whole Foods Team Leader, Serrano maintained a repeated, consistent record of meeting store margin goals and labor expectations for his produce department, and hit sales records consistently over the years. He also was recognized with numerous awards in his career including MVP in 2010 (the year Whole Foods took over the store), Whole Foods Rocky Mountain All Star

in 2013 and runner up in 2014, along with being among the top five contenders for 2015. The Rocky Mountain Region General Information Guide describes All Stars as "the best of the best" and "The empirical data used in determining these All Stars is based on results such as sales per labor hour, relative sales increase, margin performance and leadership survey scores."

7. As stated on the Whole Foods website "Our produce is a sight to behold" and "Devotion to quality and service is a daily mantra in every one of our produce departments".  As a requirement for his job, Serrano was charged with creating tasteful and appealing displays of fruits, vegetables and plants, regularly disposing of spoiled items or those which were no longer visually appealing and saleable.

8. At all times relevant to this lawsuit, it was common knowledge and course of conduct that Whole Foods managers and employees have routinely obtained or otherwise taken for personal use items that for one reason or another were deemed "unmarketable" including:

- firewood
- plants
- flowers
- fruits
- vegetables
- meats
- whole body items such as lotions, make-up, health remedies
- general grocery items including popsicles, candy and chips
- prepared foods including pizza and breakfast burritos.

9. On September 23, 2015, as part of his routine duties as Produce Department Team Leader, Mr. Serrano was directed by the Assistant Store Manager Victor Sena to assess the condition of the chrysanthemum and kale plants, to tend to them, and to "get rid of" the plants Serrano deemed unsaleable.  Mr. Sena then left the store under Serrano's supervision while he went to the Santa Fe Cerrillos Road Whole Foods store.

10.     Mr. Serrano saved about 30-40 of the plants by trimming and watering them. He placed the remaining unsaleable plants into a cart. He then proceeded to the outside dumpster to dispose of the trash plants. While tossing out the plants, he decided to place five (5) chrysanthemum plants the bed of his truck instead of the trash dumpster in order to either attempt to revive them, or recycle the soil and the pots rather than throw them away. In taking some of the plants for his own use, Serrano was acting consistent with store practices. As Produce Team Leader, Serrano routinely authorized persons to take unsaleable plants, flowers and other items. He was doing what he himself had authorized others to do. Indeed, at time he took the mums, he was acting Store Manager, in charge of the entire operation.

11.     The morning of September 24, Serrano met with Scott Feldpausch, Store Team Leader, to discuss labor and margins forecasts for his Produce Department. Serrano informed Feldpausch that he intended to take his personal vacation, as he had in the past, to keep his Team employee labor hours within the expected cost margin and allow corporate profit goals to be met by the store for its Produce Department. Serrano was always mindful of the needs of those under him and, to the extent possible, would use some of his own vacation time rather than cut the hours of the employees with whom he worked.

12.     Later that same morning, Feldpausch asked Serrano to step into his office, where store HR representative, Margarita Fresquez, was also present. Feldpausch informed Serrano that he was made aware that Serrano had taken several chrysanthemums and asked him if he had notified anyone of his decision to put several of the unsalvageable plants in his truck. Serrano told Feldpausch about disposing of the kale and that he had tried to replenish or salvage many of the chrysanthemums. Referring to the chrysanthemums, Scott ended the meeting only by saying, "Next time, make sure you tell someone."

13. Approximately three hours later Serrano was approached again by Feldpausch, who asked if he had a minute, saying that it was regarding "tying up some loose ends." Stepping into Feldpausch's office, Feldpausch then informed Serrano that Whole Foods has a zero tolerance policy concerning theft and that separation was the next step. Gino Serrano was summarily terminated.

14. In accordance with Whole Foods' Open Door Communications Policy, Mr. Serrano, through his attorney, requested reconsideration of his termination. Whole Foods corporate rejected Serrano's request, stating that Serrano admitted to taking the plants, that Whole Foods has a zero tolerance policy for theft, and that Serrano "was treated fairly and it is our opinion that no further consideration is due."

15. On or about the same time of Serrano's termination, Whole Foods was in the process of implementing a Reduction In Force affecting approximately 1500 nationwide, including many Santa Fe Whole Foods employees. Generally, persons selected for RIF were provided a severance package relating to their length of service and pay.

16. At the time of his termination, Serrano was one of the highest paid department leaders at the Whole Foods St. Francis store.

17. By terminating Serrano instead on RIFing him, Whole Foods avoided having to offer and pay Serrano severance pay.

18. By terminating Serrano, Whole Foods labor profit margins for the produce section and the store improved.

19. Defendant's outrageous and extreme misconduct has caused and is causing Serrano loss of past and prospective future income and benefits; damage to reputation and future prospects of employment and advancement.

20.     Defendant has acted outrageously, deliberately, intentionally, maliciously, recklessly, wantonly, willfully and with deliberate indifference to Serrano's rights, with the clear foreseeability of proximately causing Serrano emotional distress, in breach of their contracts of employment, and in committing torts against Serrano justifying an award of punitive damages against Defendant as may be allowed under appropriate claims set out in this Complaint.

21.     Defendant is responsible for the actions of its agents or employees under the doctrine of *respondeat superior* and/or *aided-in-agency*.

## COUNT I
## BREACH OF CONTRACT

22.     Plaintiff re-alleges each of the allegations set forth in paragraphs 1-21 of this Complaint as if each were set forth fully herein.

23.     As a Whole Foods employee, Serrano formed the reasonable expectation, as did Whole Foods management, that the terms and conditions of Serrano's employment is or was governed in whole or in part by Whole Foods policies and procedures, and Whole Foods course of conduct regarding the same, including course and conduct regarding disposition of unmarketable items.

24.     These terms and conditions form an express or implied contract of employment.

25.     Serrano fully performed as required under his contract of employment with Whole Foods.

26.     Whole Foods' wrongful acts as pled in this Complaint constitutes a breach of Whole Foods' contract of employment with Serrano. These include but are not limited to failure to follow policies and procedures and course of conduct relating to: disposition of unmarketable items, investigation of alleged policy violations, knowingly allowing supervisors to take personal leave to bolster labor profit margins.

27.     As a direct, foreseeable and proximate result of Whole Foods' breach of its contract of employment with Serrano, Serrano has suffered damages of type and amount subject to proof at trial.

## COUNT II

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

28.     Plaintiff re-alleges each of the allegations set forth in paragraphs 1-27 of this Complaint as if each were set forth fully herein.

29.     The courts of the State of New Mexico have in proper circumstances found there exists a covenant of good faith and fair dealing in contract matters. Whole Foods' wrongful acts performed by its managerial and supervisory personnel to prevent the performance of their contract of employment and/or to deprive Serrano from enjoying the benefits of his contract with Whole Foods was done willfully, in bad faith, with wanton disregard of their impact upon Serrano without justification, cause or privilege to do so and constitute a violation of the implied covenant of good faith and fair dealing owed by Whole Foods to Serrano.

30.     As a direct, foreseeable and proximate result of Whole Foods' breaches of its contract with Serrano, Serrano has suffered damages of type and amount subject to proof at trial.

31.     The Defendant's wrongful acts were done willfully, in bad faith, with reckless and wanton disregard of their clearly foreseeable impact upon Serrano and as such constitute adequate basis for an award of exemplary damages in favor of Serrano.

## COUNT III

### PRIMA FACIE TORT

32.     Plaintiff re-alleges each of the allegations set forth in paragraphs 1-31 of this Complaint as if each were set forth fully herein.

33.     For the purposes of this Count III only, Plaintiff alleges Defendant performed intentional, lawful acts in its treatment of Plaintiff.

34.     Defendant's acts were intended to injure Plaintiff or taken with reckless disregard for the certainty that such acts would harm Plaintiff.

35. Defendant, through its actions, proximately caused clear and foreseeable harm and damage to Plaintiff.

36. Defendant's conduct was not justifiable under the circumstances.

37. As a direct, foreseeable and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer emotional distress, monetary damages and other damages in an amount according to proof at trial.

38. The Defendant's improper and unjustified acts were done willfully, in bad faith, with reckless and wanton disregard of their clearly foreseeable impact upon Plaintiff and as such constitute adequate basis for an award of exemplary damages in favor of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Serrano seeks the following relief as to Defendant and all Counts pled in this Complaint:

a. Actual and compensatory damages sufficient to make Serrano whole;

b. Punitive damages against the Defendant sufficient to punish and deter further wrongdoing;

c. Attorney's fees, expenses, costs, pre-judgment and post-judgment interest as may be provided by law; and,

d. That this Court award Serrano such further and additional relief as the Court deems just and proper.

Respectfully submitted:


TIMOTHY L. BUTLER, ESQ.

By:   /S/ Timothy L. Butler
        Timothy L. Butler

        210 Montezuma, Suite 200
        Santa Fe, NM  87501
        (505) 820-3375
        tlbpc@aol.com

*Attorney for Plaintiff Gino Serrano*

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/9/2016 12:55:27 PM
STEPHEN T. PACHECO
Victoria Martinez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

GINO SERRANO,

    Plaintiff,

vs.                                        Cause No.: D-101-CV-2016-00534

WHOLE FOODS MARKET ROCKY
MOUNTAIN SOUTHWEST, LP,

    Defendant.

## ENTRY OF APPEARANCE AND ACCEPTANCE OF SERVICE

    COMES NOW, The Simons Firm, LLP (Faith Kalman Reyes and Quinn Scott Simons) and hereby enters its appearance on behalf of Defendant Whole Foods Market Rocky Mountain Southwest, LP (hereinafter "Defendant"). Quinn Scott Simons of The Simons Firm hereby certifies that he accepted service of the Civil Complaint, filed on February 25, 2016, in the above-captioned matter on behalf of Defendant on March 8, 2016.

Respectfully submitted:

THE SIMONS FIRM, LLP

By:    /s/ *Quinn Scott Simons*
        FAITH KALMAN REYES
        QUINN SCOTT SIMONS
        P.O. Box 5333
        Santa Fe, NM 87502-5333
        (505) 988-5600
        freyes@simonsfirm.com
        qsimons@simonsfirm.com

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing pleading was sent via Odyssey File and Serve to the following counsel of record on March 9, 2016:

TIMOTHY L. BUTLER, ESQ.
Timothy L. Butler
210 Montezuma, Suite 200
Santa Fe, NM  87501
tlbpc@aol.com


                 /s/ *Quinn Scott Simons*

2

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/31/2016 3:50:53 PM
STEPHEN T. PACHECO
Victoria Neal

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

No. D-101-CV-2016-00534

GINO SERRANO,

       Plaintiff,

vs.

WHOLE FOODS MARKET ROCKY
MOUNTAIN SOUTHWEST, LP,

       Defendant.

## JURY DEMAND

Plaintiff Gino Serrano demands a trial by jury of six (6) persons on all issues triable of right by a jury.

Respectfully submitted:

TIMOTHY L. BUTLER, ESQ.

By:   /S/ Timothy L. Butler
      Timothy L. Butler, Esq.

210 Montezuma St., Suite 200
Santa Fe, NM  87501
(505) 820-3375
(877) 389-7834 FAX
tlbpc@aol.com

*Attorney for Plaintiff Gino Serrano*

**Proof of Service**

I hereby certify that a true and correct copy of this pleading was served electronically to all counsel of record on this 31st day of March, 2016 .

/S/ Timothy L. Butler, Esq.
Timothy L. Butler, Esq.